IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE D. KELLY, | ) | |
| | ) | |
| Plaintiff, | ) | No. 13 C 4539 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| HEALTH BENEFITS PAIN MANAGEMENT | ) | |
| SERVICES, LLC, JOHN D. KIM and MARK | ) | |
| SALLEE, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Wayne Kelly sued defendants Health Benefits Pain Management Services, LLC ("Health Benefits"), John Kim ("Kim"), and Mark Sallee ("Sallee") for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq., (Count I), common law conspiracy to defraud (Count II), breach of contract (Count III), breach of fiduciary duty (Count IV), and conversion (Count V). Counts I and II are brought against Kim and Sallee; Counts III, IV, and V are brought against Health Benefits. Kim and Sallee have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts I and II for failure to state a claim upon which relief can be granted. Count I is the only basis for federal jurisdiction. Health Benefits has moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts II, IV, and V for failure to state a claim upon which relief can be granted. For the reasons stated below, defendants' motion to dismiss Count I is granted. The court declines pursuant to 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over the remaining state-law counts (II, III, IV, and V).

## BACKGROUND[1]

Plaintiff is a neurologist. Defendant Health Benefits, which defendant Kim owns, manages medical clinics. Defendant Sallee is a Health Benefits employee.

In November 2009, plaintiff and Health Benefits allegedly entered a Management Services Agreement ("Services Agreement"). Under the Services Agreement, Health Benefits assumed certain responsibilities regarding patients that plaintiff saw at Health Benefits' facilities. These duties included: billing the patients and insurers; collecting accounts receivable; receiving payments; and paying plaintiff the amount collected, minus Health Benefits' fee.

Plaintiff alleges that Health Benefits breached the Services Agreement by failing to arrange billing services for more than a year. Health Benefits also allegedly failed to remit more than $250,000 in payments it collected on plaintiff's behalf.

Plaintiff further alleges that Kim and Sallee commingled funds collected by Health Benefits with funds collected by another Kim-owned company, Illinois Physicians Network, LLC ("IPN"). IPN is not a defendant in the instant case. IPN, which also employs Sallee, coordinates care for and provides administrative services to health care providers. Additionally, IPN handles the billing and collection for the providers. Plaintiff alleges that, after commingling the funds, Kim and Sallee used them to pay the obligations and debts of Health Benefits and IPN as they became payable.

---

[1] The following facts are taken from plaintiff's complaint and are assumed to be true for purposes of this motion to dismiss. See Murphy v. Walker, 51 F.3d 714, 717 (7th Cir. 1995).

**DISCUSSION**

Defendants have moved pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts I, II, IV, and V of plaintiff's complaint for failure to state a claim upon which relief can be granted. In evaluating a motion to dismiss, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). A motion to dismiss for failure to state a claim tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir.1990). To survive such a motion, the complaint must allege sufficient facts which, if true, would raise a right to relief above the speculative level, showing that the claim is plausible on its face. Twombly, 550 U.S. at 555. To be plausible on its face, the complaint must plead facts sufficient for the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition to these requirements, Fed. R. Civ. P. 9(b) also requires that fraud be pled with particularity by setting forth "the who, what, when, where, and how." DiLeo v. Ernst & Young, 901 F.2d 624, 627 (7th Cir. 1990).

Count I, plaintiff's RICO claim, fails to specify which subsection of the statute Kim and Sallee allegedly violated, but seems to be based on 18 § U.S.C. 1962 (c). Plaintiff alleges in his RICO count that Kim and Sallee schemed to defraud plaintiff out of money collected on his behalf by Health Benefits. Plaintiff further alleges that they commingled funds from Health Benefits and IPN and then used the funds to pay each company's obligations as they became due. Kim and Sallee also allegedly misappropriated money collected by Health Benefits and

IPN. Some of the misappropriated funds were allegedly owed to plaintiff under the Services Agreement.

"[T]o state a claim for a RICO violation, a plaintiff must allege [1] a cognizable injury to its business or property resulting from the [2] conduct [3] of an enterprise [4] through a pattern [5] of racketeering activity." Guaranteed Rate, Inc. v. Barr, 912 F. Supp. 2d 671, 681 (N.D. Ill. 2012) (quoting Sedima, S.P.R.L. v. Imrex Co., Inc., 473 U.S. 479, 496 (1985)). Defendants argue that plaintiff has failed in Count I to sufficiently allege an injury, a pattern of racketeering activity, and an enterprise. Plaintiff has offered no responsive arguments.

Defendants are correct in their assertion that plaintiff has not properly alleged an injury proximately caused by defendants' RICO violation. See Anza v. Ideal Steel Supply Corp., 547 U.S. 451, 461 (2006) (noting proximate cause is required for a RICO claim). Plaintiff's only specific allegation of harm in Count I is in paragraph forty-two, which states: "[plaintiff] has been harmed by Kim and Sallee's misappropriation of payments which should have been remitted to [plaintiff]." This injury stems solely from Health Benefits alleged failure to remit the $250,000 collected on plaintiff's behalf. The Services Agreement allegedly required this remittance. Therefore, the alleged breach of contract, not the RICO violation, is the proximate cause of this harm. Plaintiff's breach of contract claim "cannot be transmogrified into a RICO claim by the facile device of charging that the breach was fraudulent, indeed criminal." Carr v. Tillery, 591 F.3d 909, 918 (7th Cir. 2010). Plaintiff also fails to explain how Kim and Sallee's scheme might have compounded any breach of contract injury. Plaintiff's failure to allege an injury proximately caused by Kim and Sallee's RICO violation is, in and of itself, grounds for

4

dismissing Count I.  James Cape & Sons Co. v. PCC Const. Co., 453 F.3d 396, 404 (7th Cir. 2006).

Defendants' second argument is that plaintiff fails to allege a pattern of racketeering activity.  This element of a RICO claim requires "the commission of at least two predicate acts of racketeering."  Patel v. Mahajan, 2012 WL 3234397, at *3 (N.D. Ill. Aug. 6, 2012).  Both mail and wire fraud are acts of racketeering.  McDonald v. Schencker, 18 F.3d 491, 494 (7th Cir. 1994) (citing 18 U.S.C. § 1341; 18 U.S.C. § 1343; Midwest Grinding Co., Inc. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992)).  Allegations of mail and wire fraud must be made "with some specificity and state the time, place, and content of the alleged communications perpetrating the fraud."  Martinek v. Diaz, 2012 WL 2953183, at *11 (N.D. Ill. July 18, 2012) (quoting Midwest Grinding, 976 F.2d at 1020) (internal quotation marks omitted).

In the instant case, plaintiff's only allegations in Count I that relate to racketeering activity are contained in paragraphs thirty-eight through forty-one.  In paragraph forty, plaintiff alleges that "Kim and Sallee on multiple occasions engaged in telephonic communications, computer communications, wire transfers and/or U.S. Postal Service communications."  In the subsequent paragraph, plaintiff alleges these instances of mail and wire fraud constituted racketeering activity.  These allegations are general, conclusory, and lack any factual support.  Simply making general claims about a group of predicate acts is insufficient.  See Martinek, 2012 WL 2953183, at *11 (explaining that predicate acts cannot simply be grouped together, but, rather, a complaint must identify and describe specific instances).  Plaintiff clearly fails to identify even one specific fraudulent communication and describe its time, place and content.  Consequently, plaintiff has not properly alleged a pattern of racketeering activity.

Plaintiff has insufficiently pleaded his RICO claim for a third and final reason. As defendants correctly note, plaintiff fails to identify the enterprise. See Crichton v. Golden Rule Ins. Co., 576 F.3d 392, 398 (7th Cir. 2009) (quoting Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995)) (noting this requirement for a RICO complaint). A RICO enterprise must have "a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." Jay E. Hayden Found. v. First Neighbor Bank, N.A., 610 F.3d 382, 388 (7th Cir. 2010) (quoting Boyle v. United States, 129 S.Ct. 2237, 2244 (2009)) (internal quotation marks omitted). An allegation of purpose must assert that defendants "had any interest in the outcome of the alleged scheme beyond their own individual interests." Guaranteed Rate, 912 F. Supp. 2d at 687. Plaintiff alleges that Kim and Sallee commingled funds which they then used to pay business obligations and debts, and that they "conspired and agreed to defraud [plaintiff]." These allegations do not adequately describe the enterprise's purpose. They merely depict what the fraud was and how it was perpetrated. No allegation in Count I describes a resulting benefit, such as increased profits, that Kim and Sallee gained, or at least believed they would gain, because of their fraud. Consequently, plaintiff has not properly alleged a purpose and, thus, has failed to allege a RICO enterprise.

In response to his failure to plead a RICO claim properly, plaintiff offers a solitary defense. Plaintiff claims he lacks access to necessary records, including correspondence, financial records, telephone logs, and computer records. Plaintiff argues that, consequently, Rule 9(b)'s particularity requirement should be relaxed and cites Whitely v. Taylor Bean & Whitacker Mortgage Corp., 607 F. Supp. 2d 885, 897 (N.D. Ill. 2009).

Plaintiff is correct to note that Whitely recognized that the Rule 9(b) standard is relaxed where necessary information is unavailable to a plaintiff. Id. Also, defendants are wrong in their contention that this relaxation applies only to allegations involving the identification of defendants or attribution of acts to specific defendants. While the Whitely court was concerned solely with a failure to identify, this was a factual rather than legal limitation. Clearly, the relaxation principle covers more than allegations related to identity. See Corley v. Rosewood Care Ctr., Inc., 142 F.3d 1041, 1051 (7th Cir. 1998) (relaxing Rule 9 for allegations of the time, place, and recipient of communications).

"Absent rare circumstances, however, relaxing the Rule 9(b) pleading standard would undermine the purposes of fraud pleading[.]" United States v. Ortho-McNeil Pharm., Inc., 2007 WL 2091185, at *4 (N.D. Ill. July 20, 2007) (citing Karvelas v. Melrose-Wakefield Hospital, 360 F.3d 220, 230-31 (1st Cir. 2004)). Rule 9(b) is generally relaxed where the alleged fraud is committed against third parties, U.S. ex rel. Kennedy v. Aventis Pharm., Inc., 512 F. Supp. 2d 1158, 1167 (N.D. Ill. 2007), and the plaintiff neither had a role in the fraud nor knew the specific facts, U.S. ex rel. Bragg v. SCR Med. Transp., Inc., 2011 WL 1357490, at *4 (N.D. Ill. Apr. 8, 2011) (citing U.S. ex rel. Walner v. NorthShore Univ. Healthsystem, 660 F. Supp. 2d 891, 898 n. 5 (N.D. Ill. 2009)). See also Corley, 142 F.3d at 1051 (stating that a plaintiff "most likely" lacks access where he "alleges a fraud against one or more third parties"). In the instant case, the alleged fraud was perpetrated against plaintiff by his business associates. Because the instant plaintiff is not a third party to the allege fraud, more caution is merited in the decision whether to relax Rule 9(b).

Plaintiff's contention that he should not be required to plead with particularity is also weakened by the fact that his complaint and brief largely fail to identify information to which he lacks access. The only allegation related to unknown information in Count I is plaintiff's assertion that he does not know how much money Health Benefits collected on his behalf. The only statement related to unknown information in plaintiff's brief is the conclusory assertion that he lacks necessary facts because they are in defendants' knowledge and control. Plaintiff then lists four sources of information supposedly under defendants' control: correspondence, financial records, telephone logs, and computer records. Plaintiff never actually explains what information could be found in these sources or why the information would be relevant to his claim.

Further, plaintiff actually has the ability to access much of the supposedly necessary information. The Services Agreement grants plaintiff a contractual right to reasonable access to Health Benefits' business records. Compl. Ex.A, § 7.1 (a). This contractual right includes the right to obtain copies of the records or information for any purpose related to the relationship of the parties or the defense of any claim relating to the business of the parties. Id.

Plaintiff also could have sought the information from the insurers who paid Health Benefits. See Jepson, Inc. v. Makita Corp., 34 F.3d 1321, 1328 (7th Cir. 1994) (explaining that plaintiffs cannot complain about lack of access to information where they have as much access to the information as defendants through non-party sources). Plaintiff asserts in his complaint that he "has incurred substantial expenses to uncover Kim and Sallee's misfeasance." Plaintiff fails, however, to identify even one specific instance where he incurred an expense to uncover necessary information. Also, there is no evidence of, or even an allegation that plaintiff sought

to obtain the information by exercising his contractual right or contacting the insurance company. Under these circumstances, plaintiff cannot be allowed willfully to remain ignorant and then claim the pleading standard should be relaxed because of lack of access to information.

Because plaintiff failed to properly allege a RICO claim, defendants' motion to dismiss Count I is granted.

The court declines pursuant to 28 U.S.C. § 1367 (c)(3) to decline to exercise supplemental jurisdiction over plaintiff's remaining claims. See Al's Serv. Ctr. v. BP Products N. Am., Inc., 599 F.3d 720, 727 (7th Cir. 2010) (explaining that there is a presumption a federal court "will relinquish federal jurisdiction over any supplemental law claims" where it has dismissed all federal claims before trial).

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss Count I is granted with prejudice. The court declines pursuant to 28 U.S.C. § 1367(c)(3) to exercise supplemental jurisdiction over Counts II through V. Those counts are dismissed without prejudice.

**ENTER:** **February 24, 2014**

_____
**Robert W. Gettleman**
**United States District Judge**